UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZ PEDO, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MAYCLIN DENTAL STUDIO, INC., a Minnesota corporation, individually and dba KINDER KROWNS,<br><br>Defendants. | No. 2:16-cv-00731-KJM-CKD<br><br><br><br>ORDER |

On February 15, 2018, the court granted partial summary judgment for defendant on plaintiff's Lanham Act claims, finding three of plaintiff's four advertising campaigns did not constitute "protectable trade dress." Order, ECF No. 60. Plaintiff now asks that the court certify the order under Federal Rule of Civil Procedure 54(b) so that plaintiff can immediately appeal. ECF No. 61. Defendant filed no opposition. The court submitted plaintiff's request on April 11, 2018. The court now GRANTS plaintiff's unopposed request, as explained below.

/////
/////
/////

1

I. <u>DISCUSSION</u>

"When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In doing so, the court must expressly conclude its underlying order is "final" in that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action," and the court must balance judicial administrative interests and the interests of the parties to asses if there is any "just reason for delay" of the certification. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-12 (1980).

Here, the court finds Rule 54(b) certification is warranted. The court's summary judgment order finally disposed of plaintiff's Lanham Act claims that derive from plaintiff's Beach Girl, Gears, and Blue Crown advertising campaigns. *See* Order at 16 ("Plaintiff's Lanham Act claims remain only to the extent they derive from the one advertising campaign defendant's motion does not address, plaintiff's lavender advertising campaign."); *see also Curtiss-Wright*, 446 U.S. at 7 (defining finality). Defendant has not raised, nor has the court found, any just reason to delay certification as to these claims. To the contrary, the court's reasoning on summary judgment may apply equally to plaintiff's remaining Lanham Act claim, so an immediate appeal may prevent unnecessary duplication. *See Curtiss-Wright*, 446 U.S. at 8; *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991) (emphasizing the pragmatic nature of a certification analysis; noting certification may be appropriate even where the Rule 54(b) claims are not separate from remaining claims). Certification therefore benefits both parties and promotes judicial efficiency.

II. <u>CONCLUSION</u>

Plaintiff's unopposed request for certification is GRANTED; the court's summary judgment ruling (ECF No. 60) is CERTIFIED under Rule 54(b); and the case is STAYED pending resolution of plaintiff's appeal.

IT IS SO ORDERED.

This order resolves ECF No. 61.

DATED: April 23, 2018.

_____
UNITED STATES DISTRICT JUDGE